21107. MANHATTAN LIFE INSURANCE COMPANY *et al.*
*v.* BOYKIN.

DECIDED APRIL 1, 1931. REHEARING DENIED APRIL 15, 1931.

*Alston, Alston, Foster & Moise, McElreath & Scott, William Hart Sibley, Sidney Holderness,* for plaintiffs in error.

*Willis Smith, Boykin & Boykin,* contra.

LUKE, J. Samuel J. Boykin, an attorney at law, brought suit in the city court of Carrollton against Manhattan Life Insurance Company and Frank E. Mathews (the last named being a general agent of the insurance company), to recover $1200.16, and accrued

interest, under an alleged agreement, by virtue of which Boykin was to receive, for certain services to be rendered, fifty per centum of the first year's premium on such life-insurance. business as the agent might be able to secure as the result of such services. According to the allegations of the petition, the service to be rendered was merely to "introduce him [the agent] to the person with whom there could be placed $25,000 to $50,000 insurance." It was averred that the agent had authority to represent the insurance company; that the agreement was entered into by both defendants; that Boykin informed the agent that J. A. Mandeville "was the person interested and could be written a policy of from $25,000 to $50,000;" that he afterwards sent Mandeville to see the agent, "and that ultimately three policies were issued and delivered by the insurance company to Mandeville," the policies being indicated by certain numerals and the amounts of the premiums being stated. Judgment was prayed for as against both defendants.

A general demurrer of the insurance company and a general and special demurrer of the defendant Mathews were overruled by the court, after an amendment to the petition had been made to meet the objections of the special demurrer; and exceptions pendente lite were taken to the overruling of the demurrers.

Identical answers, mutatis mutandis, were filed by the defendants. Both answers, after admitting the legal status of the insurance company and that the defendant Mathews was its general agent as alleged in the petition, aver that his authority as such is strictly limited and confined to the terms of his contract of employment; that said contract will be exhibited to the court; that Mathews as general agent "can not bind the insurance company for any liability as alleged except on formal approval by proper officials of said company, this being an express provision of his contract of employment;" and that "plaintiff was under a duty to investigate for himself the authority and powers of this defendant [Mathews] as general agent for Manhattan Life Insurance Company." All other paragraphs of the petition (being those paragraphs which set up the alleged agreement between the parties) were denied by the answers.

Upon the submission to the jury of the issues thus joined, a verdict was returned for the full amount of the plaintiff's claim, and a judgment entered thereon.. A motion for a new trial was overruled, and exceptions were taken to that ruling.

In the exceptions pendente lite error is alleged upon an order entered by the trial judge "overruling the demurrers of the defendants, upon plaintiff agreeing that the proceeding was against both defendants as principals." The record shows that this order is in the usual form, and contains no reference to the fact alleged in the exception that the order was entered "upon plaintiff agreeing that the proceeding was against both defendants as principals." The exception in its present form can not be considered, unless, perhaps, it may be permitted to stand as an exception to the order overruling the demurrers upon the general ground. It is our opinion, however, that the petition as amended sufficiently states a cause of action against both defendants; hence that the exception as thus interpreted is without merit.

In the motion for a new trial, in addition to the usual general grounds, six grounds of error are assigned. The first two of these six assignments aver that the verdict was contrary to the charge of the court in certain particulars.

As to the first of these exceptions: there seems to be no substantial basis for the claim that the jury necessarily found that the plaintiff performed services as an agent of the defendant insurance company, in the sense in which the term "insurance agent" is employed in the statute referred to (Civil Code of 1910, § 2443) ; and as to the second, it is not doubted that the correspondence in writing between the plaintiff and the defendant Mathews, introduced in evidence, in connection with the other proved facts, was sufficient to warrant the jury in believing that a valid and binding agreement between the plaintiff and the defendants was entered into as alleged in the petition.

As to the third assignment: it appears that the petition sets out a joint agreement and joint liability against the defendants, and nowhere alleges that the liability was both joint and several. Hence there were two possible verdicts, not four as alleged in the assignment. Being clearly in harmony with the law, there was no error in the portion of the charge set out in the assignment.

As to the fourth and fifth assignments: since it does not appear, either from the exceptions themselves or from any portion of the record, that the agreement referred to in the fourth assignment, or the letter referred to in the fifth assignment, was proved by the testimony of any witness to be genuine, as a prerequisite to its ad-

mission in evidence, clearly, we think, it was not error on the part of the trial court to sustain the plaintiff's objection to its introduction. *Brown* v. *Rape,* 136 *Ga.* 584 (71 S. E. 802) ; *Allen* v. *Farmers & Traders National Bank,* 129 *Ga.* 748 (2) (59 S. E. 813).

As to the sixth assignment: the portion of the court's charge complained of therein, in the circumstances, was evidently improper, in the sense that it was unnecessary, since there was no evidence upon that issue in the case on which the jury was required to be instructed. The court was evidently reading from the petition while engaged in charging the jury upon an issue that had been abandoned by the plaintiff; but the failure to charge the jury that the issue had been abandoned will not be held to be reversible error, in the absence of any timely request from counsel to give such charge. Further than this, we are not persuaded that the defendants were prejudiced in the premises as averred.

The main contention of the plaintiffs in error is: that, by reason of the nature of the services performed by the petitioner as shown by his petition and by the evidence introduced upon the trial, the conclusion is inescapable that the petitioner acted, in the performance of such services, in the capacity of an insurance agent; that. it appeared upon the trial that he had neither qualified as an insurance agent under the statutes of this State nor registered as such insurance agent either with the insurance company or with the insurance commissioner; and that, therefore, as a matter of law, he could not be permitted to recover for such services. If the major premise, that the petitioner acted in the capacity of an insurance agent, were admitted to be true, then this court would find it necessary to consider and pass upon the question of law asserted as a conclusion. But, as those services, in their very nature, are not such as are essentially or exclusively rendered by insurance agents in their capacity as such agents, but are such services as may ordinarily be performed by any person acting in some other capacity (indeed, as would seem to us, by any business agent, or, perhaps, even by an attorney at law), the question of law becomes academic, and we are not called upon to decide it in this case: What services did the petitioner perform? In his petition he avers in effect that he was to receive the compensation if he merely introduced the prospective customer to the agent and from the

contract so furnished the stated amount of business resulted. He avers, and the evidence shows, that he communicated to the agent the name and address of the prospective customer, and afterwards sent the latter to the agent for the purpose of discussing insurance, and that ultimately the three policies were issued and delivered to the customer. Though in some particulars inconsistent, this evidence is uncontradicted by any evidence adduced by defendants. The petitioner neither averred nor testified that he solicited insurance from the prospective customer on behalf of the company or the agent. Petitioner apparently knew that the prospective customer was seeking insurance sometime before he ever mentioned the subject to the agent. The only services he performed were: (1) communicated to the agent the name of the prospective customer; (2) sent the prospective customer to see the agent. We might go further and say that such services are not at all such as are ordinarily performed by insurance agents. We do not wish to be understood as saying that, in our opinion, the petitioner acted in the capacity of an attorney at law in the present instance; but rather to suggest that an attorney at law, in the practice of his profession under modern conditions, is so often called upon by clients to act in the capacity of business counsellor, or as a mere agent in commercial transactions, that it has become exceedingly difficult to determine definitely in many instances whether he has acted in his professional capacity or otherwise. Certainly we think that what he did in this instance was not essentially or exclusively within the scope of the business of an insurance agent, within the meaning of our statutes.

As has already been indicated in passing upon the exceptions and assignments of error, we are further of the opinion that there was ample proper evidence adduced upon the trial to support the verdict and judgment in this case; that the verdict was not contrary to law; and that, therefore, the trial court did not err, either in overruling the defendants' demurrers or in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*